IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DR. RUSSELL FISHER, D.O., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. 4:15-cv-00394 |
| | § | |
| UNUM GROUP, individually and d/b/a | § | |
| Provident Life and Accident Insurance | § | |
| Company, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendants UNUM Group ("UNUM") and Provident Life and Accident Insurance

Company ("Provident Life") (together, "Defendants"), for the purpose only of removing

this cause to the United States District Court for the Eastern District of Texas, Sherman

Division, state:

### I.     STATE COURT ACTION

This case involves a dispute over benefits under two separate disability insurance

policies (the "Policies") issued by Provident Life.   UNUM is the parent company of

Provident Life. UNUM is a separate holding company and does not issue insurance

products.   Provident Life, the insurer and a wholly-owned subsidiary of UNUM, is the

only proper defendant in this action.

On May 11, 2015, Plaintiff Dr. Russell Fisher, D.O.   ("Dr. Fisher" or "Plaintiff")

filed suit against Defendants in the 401st Judicial District Court of Collin County, Texas,

where it was numbered 401-01850-2015 on the docket of that court.   Dr. Fisher has

asserted claims for declaratory judgment, breach of contract, attorney's fees, pre-judgment and post-judgment interest, exemplary damages. and costs of court.

## II.     SUBJECT MATTER JURISDICTION EXISTS

### A.     Diversity Jurisdiction.

**1.     The Parties Are Completely Diverse.**  Dr. Fisher was a citizen of Texas at the time this action was filed and remains a citizen of Texas as of the date of this removal.   UNUM is a Delaware company with its principal place of business in Chattanooga, Tennessee.   UNUM was a citizen of Delaware and/or Tennessee at the time this action was filed and remains a citizen of Delaware and/or Tennessee as of the date of this removal.   Provident Life is a Tennessee insurance company with its principal place of business in Chattanooga, Tennessee.   Provident Life was a citizen of Tennessee at the time this action was filed and remains a citizen of Tennessee as of the date of this removal.    Thus, complete diversity of citizenship exists between Dr. Fisher and Defendants.

**2.     The Requisite Amount in Controversy is Satisfied.**  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.   In his lawsuit, Dr. Fisher does not specify the range of damages that he seeks, which is a violation of Tex. R. Civ. P. 47(c).   Nevertheless, it is clear that the requisite amount in controversy is satisfied.

In his first cause of action, Dr. Fisher seeks declaratory relief with respect to the benefits available under the Policies.   In *Hunt v. Washington State Apple Adver. Comm'n.*, 432 U.S. 333 (1977), the United States Supreme Court determined that "[i]n

actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Id.* at 337.  The Fifth Circuit has further explained that in a situation involving declaratory judgment regarding an insurance policy, the "object of the litigation" is the underlying policy and the "value of the right to be protected" is the insurer's potential liability under that policy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Felder v. Countrywide Home Loans*, 2013 WL 6805843 at * 6 (S.D. Tex. 2013); *Safeco Ins. Co. of Indiana v. Kamat*, 846 F. Supp.2d 755, 758-59 (S.D. Tex. 2012).

With respect to the amount in controversy at issue in Dr. Fisher's declaratory judgment claim (and his related breach of contract/anticipatory breach claim), Dr. Fisher contends that he is entitled to lifetime benefits under the Policies.  *See* Plaintiff's Original Petition at 4.  Provident Life contends that the maximum benefit period under the Policies is to age 65.  Provident Life has denominated Dr. Fisher's first claim as number 52-07044513-002 (the "704 Claim").  The monthly benefit for the 704 Claim is $3,005.00. If Dr. Fisher lives until age 68 (he is currently 62 years old) and using a discount rate of 4.35%, the present value of the 704 Claim from age 65 to age 68 totals $101,061.09. Alternatively, the 704 Claim has a maximum benefit period to age 65 (as Provident Life contends).  Using a June 5, 2015 start date and an August 1, 2017 end date (which is the first day of the month after which Dr. Fisher will turn 65) and using a discount rate of 4.35%, the present value of the 704 Claim to age 65 is $81,214.17.

Provident Life has denominated Dr. Fisher's second claim as number 52-

02126316000-002 (the "212 Claim").   The monthly benefit for the 212 Claim is $11,495.00.  If Dr. Fisher lives until age 68 (he is currently 62 years old) and using a discount rate of 4.35%, the present value of the 212 Claim from age 65 to age 68 totals $386,274.92.  Alternatively, the 212 Claim has a maximum benefit period to age 65 (as Provident Life contends).  Using a June 5, 2015 start date and an August 1, 2017 end date (which is the first day of the month after which Dr. Fisher will turn 65) and using a discount rate of 4.35%, the present value of the 212 Claim to age 65 is $312,627.81.[1]

Related to his declaratory judgment and breach of contract claims, Dr. Fisher requests the recovery of attorney's fees, which the Court must consider in evaluating the amount in controversy.  *See Mangund v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  It is clear that the measure of attorney's fees for amount in controversy purposes includes not only the fees that have been incurred to date, but also those fees that can be reasonably anticipated.  *See Mangund*, 276 F.3d at 723; *St. Paul*, 134 F.3d at 1253; *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990); *Gemini Ins. Co. v. Trident Roofing Co.*, 2009 U.S. LEXIS 98728 at * 3-4 (N.D. Tex. 2009); *see also Miers v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).  The attorney's fees in this matter will exceed $30,000.00.[2]

Although somewhat confusing given his contract-based claims, Dr. Fisher also contends that "he is entitled to exemplary damages as stated above."  *See* Plaintiff's Original Petition at 6.  It is well-established that, in addition to the amounts discussed

---

[1]  The Declaration of Sharon Deraney is attached as Exhibit A.

[2]  The Declaration of Dennis M. Lynch is attached as Exhibit B.

above, the Court must consider the request for exemplary damages in measuring the amount in controversy.  *See, e.g., Sun Life Assur. Co. of Canada v. Fairley*, 485 F. Supp.2d. 731, 735 (citations omitted).

When considering the amounts at issue under the Policies, attorney's fees, and exemplary damages, it is clear that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**3.**     **The Removal is Timely.**  The citation and a copy of Plaintiff's Original Petition were served on Defendants Unum Group on May 22, 2015, at the earliest.  As such, the removal is timely under 28 U.S.C. § 1446.

### III.     REMOVAL IS PROPER

Because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441.  Venue is proper in this Court under 28 U.S.C. § 1391, as this action was pending in a state court within this district and division.  Finally, and as discussed above, removal is timely under 28 U.S.C. § 1446(b).

### IV.     STATE COURT DOCUMENTS ATTACHED

Attached as Exhibit C is an "Index of State Court Documents," which includes true and correct copies of the state court docket sheet and all documents filed in the state court action.  These documents constitute all of the processes, pleadings, or orders filed

in state court or served on Unum Group.  Further, a List of Parties and Counsel is attached as Exhibit D.

## V.      **RELIEF REQUESTED**

Defendants respectfully request that the United States District Court for the Eastern District of Texas, Sherman Division, accept this notice of removal, assume jurisdiction of this cause and issue all orders and processes necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,

By:   /s/ Dennis M. Lynch
                Dennis M. Lynch
                State Bar No. 90001506
                dennis.lynch@figdav.com
                Roshanak Khosravighasemabadi
                State Bar No. 24048587
                rosh.khosravi@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested to Mr. J. Neal Prevost and Mr. Louis A. Shaff, Prevost and Shaff, 1518 Legacy Drive, Suite 260, Frisco, Texas 75034, on this the 11th day of June, 2015.

<u>/s/ Dennis M. Lynch</u>
Dennis M. Lynch